## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Melvin A. Britt,<br>　　　Petitioner, | ) ) ) | |
| v. | ) | 1:15cv1581 (AJT/JFA) |
| | ) | |
| Commonwealth of Virginia,<br>　　　Respondent. | ) ) | |

### MEMORANDUM OPINION

Melvin A. Britt, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction

of three counts of maliciously shooting at an occupied vehicle entered on a plea of guilty in the

Circuit Court of the City of Norfolk.  Petitioner was granted leave to proceed in forma pauperis

in the action. By an Order dated November 30, 2015, petitioner was allowed thirty (30) days

within which to show cause why his petition should not be dismissed as barred by the statute of

limitations, 28 U.S.C. § 2254(d).  After petitioner complied with those instructions, respondent

was ordered to submit a preliminary response to the petition, confined to the issues of whether

the petition was filed timely and if not, whether petitioner is entitled to equitable tolling of the

limitations period. On February 4, 2016,  respondent filed a Motion to Dismiss the petition as

barred by the statute of limitations, accompanied by a memorandum of law and exhibits.

Petitioner was provided with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975) and Local Rule 7(K), and petitioner filed a Brief in Opposition to the Motion to Dismiss

on February 29, 2016. After careful consideration, respondent's Motion to Dismiss will be

granted, and the petition will be dismissed as time-barred.

## I. Background

On July 23, 2010, petitioner was convicted of the aforementioned offenses, and was sentenced to thirty (30) years imprisonment with ten (10) years suspended. Case Nos. CR10000107-03 through -05. Petitioner took a direct appeal, which was refused by the Court of Appeals of Virginia on February 25, 2011. R. No. 1517-10-1. The Supreme Court of Virginia refused a further appeal on September 1, 2011. R. No. 110584.[1]

Petitioner filed a petition for a state writ of habeas corpus in the Norfolk Circuit Court on March 27, 2012, which was dismissed on August 30, 2012. Case No. CL12-2435. He took no appeal of that decision during the prescribed period, and by letter dated January 28, 2013, the Clerk of the Supreme Court of Virginia advised Britt that the record of his case was being returned to the Norfolk court because the appeal period had expired. Resp. Ex. 1.

Over two years later, on March 11, 2015, Britt filed a petition for appeal of the Norfolk Circuit Court's habeas judgment in the Supreme Court of Virginia. In it, he alleged:

> Petitioner states at no time did he receive a Final Order from City of Norfolk's Circuit Court. On January 28, 2013, letter was sent to Clerk of Circuit Court, stating, no Petition for Appeal was sent by petitioner, therefore, record, transcripts and exhibits in the case of Melvin A. Britt v. Commonwealth - case no. CR10000107-00 & CL12002435-00 were returned.
>
> Petitioner states, he inquired, regarding, when were Final Order giving [sic] in above cases, and the reason(s) he was unable to file, a

---

[1] In the Order directing respondent to file a limited response to the petition, respondent was required to support the response with "all records of the state court proceedings that may be relevant to the issues of timeliness and equitable tolling." (Dkt. No. 10 at 2) Because the substance of the opinions of the Court of Appeals and the Supreme Court are not relevant to the issues of timeliness and equitable tolling, the records of those proceedings appropriately have not been made part of the federal record. The dates those courts rendered their decisions have been verified at the Virginia Courts' Case Status and Information website, http://www.courts.state.va.us/caseinfo/home.html.

timely Petition for Appeal to Supreme Court of Virginia. (see exhibits ___ ). Petitioner clearly stated, he did not receive Order from Keen Mountain Correctional Center's mailroom, and never signed legal mail log book to verify receiving said legal mail (with Final Order) from Circuit Court.

Resp. Ex. 2 at 2. On April 24, 2015, the Supreme Court of Virginia dismissed the petition on the ground that "the appeal was not perfected in the manner provided by law because the appellant failed to timely file the petition for appeal." R. No. 150390;  Resp. Ex. 3. Almost seven (7) months elapsed before petitioner filed the instant application for §2254 relief on November 13, 2015.[2]

## II. The Petition is Untimely

A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Here, petitioner's conviction became final on November 30, 2011, when the time expired during which he could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

---

[2]For purposes of calculating the statute of limitations, a petition is deemed filed when a prisoner delivers his pleading to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988). Here, Britt  failed to indicate the date on which he placed his petition in the prison mailing system, Pet. at 16, but the envelope in which it was sent to the court was stamped "received in mailroom Nov 13 2015 Sussex I State Prison." Pet., Att. 3.

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, after petitioner's conviction became final on November 30, 2011, 116 days passed before he filed his state habeas corpus application in the Norfolk Circuit Court on March 27, 2012. The Norfolk court dismissed the petition on August 30, 2012, and the dismissal became final on November 30, 2012, when the time during which an appeal to the Supreme Court of Virginia could have been filed. Thereafter, the limitations clock ran unchecked until Britt delivered this federal petition to his institution's mailroom on November 13, 2015, a period of 1,077 days.[3] When these dates are combined they reveal that the instant petition was filed 1,193 days after petitioner's conviction became final, or 828 days beyond the expiration of the one-year limitations period. Clearly, then, this petition is untimely.

### III. Equitable Tolling is Not Warranted

Petitioner argues that the limitations period should be equitably tolled in his case because he did not receive the Norfolk Circuit Court's decision dismissing his petition for a state writ of habeas corpus. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010).

---

[3]Because Britt's petition for appeal of the Norfolk habeas judgment was dismissed by the Virginia Supreme Court on the express holding that it was untimely, it was not "properly filed" for purposes of §2254(d), and its pendency did not act to toll the limitations period. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely under state law).

To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace, 544 at 418. The petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

Under the facts reflected in the present record, equitable tolling is not warranted. Respondent has supplied exhibits in the form of mail logs from petitioner's institution that confirm petitioner's assertion that he did not receive a copy of the judgment the Norfolk Circuit Court entered in the state habeas proceeding on August 30, 2012. Resp. Ex. 4, 5. However, petitioner was alerted that the judgment had been entered no later than January 28, 2013, when he was copied on the letter from the Clerk of the Supreme Court of Virginia to the Clerk of the Norfolk Circuit Court stating that the record was being returned because no petition for appeal had been filed. Resp. Ex. 1. Apparently petitioner reacted to that information by writing a letter

of inquiry to the Virginia Supreme Court, where a deputy clerk responded with the following

explanation on March 12, 2013:

> This will acknowledge receipt of your letter dated March 3, 2013.
> Please note you had 30 days from the date of the August 30, 2012
> final order in the Circuit Court of the City of Norfolk to file a notice
> of appeal in that court, and 3 months from the August 30, 2012 order
> to file a petition for appeal in this Court. No petition for appeal was
> filed in this Court and the time to do so has expired.

Resp. Ex. 6.

Here, then, if it is assumed that petitioner's failure to receive the Norfolk Circuit Court's

order dismissing his habeas application constituted an "extraordinary circumstance" that stood in

his way of timely filing a federal petition, that impediment was removed at the latest on March

12, 2013, when petitioner was unequivocally informed of the order's entry in the foregoing letter.

Since only 116 days of the limitations period had expired before petitioner filed the state habeas

petition, at that point he still had 249 days remaining during which he could have (1) filed a state

collateral proceeding to toll the limitations period, or (2) come directly to federal court to file a §

2254 petition in a timely fashion.[4] However, petitioner did neither; instead, he took no action at

all for two years before he filed a petition for appeal of the Norfolk habeas judgment in the

Supreme Court of Virginia on March 11, 2015. Petitioner alleges no specific facts which could

---

[4]To be sure, other procedural impediments to reaching the merits of petitioner's claims likely would have arisen had he pursued either of those courses of action. However, it is recognized in this circuit that "[e]quitable tolling ... may not be applied where ... the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." Whiteside v. United States, 775 U.S. 180, 186 (4th Cir. 2014), cert. denied, 135 U.S. 2890 (2015). Had Britt filed a § 2254 application during the remaining portion of the limitations period, at least any claims he exhausted on direct appeal would have been cognizable, and any claims he asserted in the state habeas petition might have been considered if he were able to show cause and prejudice for their procedural default.

constitute extraordinary circumstances during that two-year period, nor does he describe any

steps he took to pursue his claims. Cf. United States v. Williams, 2011 WL 6842991 at *3

(E.D.Va. Dec. 29, 2011) (finding no extraordinary circumstances or due diligence when no

specific facts alleged for the relevant time period). Under these circumstances it is readily

apparent that petitioner in this case failed to exercise the diligence in pursuing his rights which

might merit the application of equitable tolling.[5] Spencer, 239 F.3d at 630. Accordingly, this

petition must be dismissed, as time-barred.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the

petition will be dismissed, with prejudice, as time-barred. An appropriate Order and judgment

shall issue.


Entered this _____ day of _____ 2016.


Alexandria, Virginia

Anthony J. Trenga
United States District Judge


---

[5]After respondent moved to dismiss the petition, petitioner filed an affidavit (Dkt. No. 15) and
a declaration (Dkt. No. 17) which have no bearing on the issue of the timeliness of this petition.
Petitioner also submitted a Brief in Opposition to Motion to Dismiss (Dkt. No. 18) which fails
successfully to rebut the conclusion that he is not entitled to equitable tolling of the limitations
period, and asserts no additional grounds which might warrant consideration of his claims on the
merits.